B. B. GREEVER AND MRS. B. B. GREEVER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5690.    Promulgated March 24, 1927.

Losses arising from the purchase of oil leases, proven to be worthless in the taxable year and disposed of for a nominal consideration, allowed as deductions.

*Don T. Haynes, Esq.,* for the petitioners.
*S. S. Faulkner, Esq.,* for the respondent.

Petitioners appeal from the determination by the Commissioner of deficiencies in income tax for 1920 of $709.54 for each, arising from the refusal of the Commissioner to allow deductions for losses claimed on returns filed on the community property basis.

FINDINGS OF FACT.

In 1920 the petitioners were residents of Texas, married and living together. Each filed an income-tax return, including therein one-half of the community income.

In 1919 Greever acquired a one-fifth interest in certain oil leases, known as the Five Company leases, for which he paid $1,103.01.

These leases were upon approximately 1,000 acres of land in Nolan County, Texas, and were for three years, provided rentals were paid annually. No wells had been drilled in the vicinity of such land at the time such leases were acquired, but one was about to be drilled and it was in the hope that such well would discover oil that these leases were purchased. This well was drilled in 1920 and proved to be dry. In November, 1920, Greever transferred his interest in such leases, which he then regarded as worthless, to one E. S. Piper for $1. Thereafter Greever paid no rentals thereunder.

In 1920 Greever was the owner of an interest in a certain oil lease, known as the Marriott lease, on 200 acres in Wilbarger County, Texas, which had cost him $719.56. This lease was for three years, provided that rentals were paid. At that time a well was about to be drilled about one-half mile to the north of this property. This well was drilled in 1920 and proved to be dry. Another well drilled in 1920 approximately one mile southeast of this property also proved to be dry. Near the close of 1920 Greever assigned his interest in such lease, which he then regarded as worthless, to Piper for $1. No rentals were thereafter paid on such lease by Greever.

In 1920 Greever was the owner of an interest in several oil leases in several counties in southwest Texas, covering approximately 100,000 acres. His interest therein had cost him $3,100 and during 1920 he paid $2,200 as his portion of rentals becoming due thereunder. It was the intention of Greever and his associates to acquire these leases and also options on some producing properties, convey them to a company and sell a part of its stock to raise the capital necessary to acquire, develop and operate the properties. They secured options on certain producing property and on a small refinery, after which two of these associates went to New York with their data and plans and attempted to interest capital. After six or seven weeks of unsuccessful effort the project was abandoned in 1920. In that year Greever transferred his interest in such leases to Piper for $5. No rentals were thereafter paid by him.

In November, 1919, Greever acquired an interest in a certain lease of a ten-acre tract in Wichita County for $1,280.91. In 1920 from six to ten wells were drilled in the immediate vicinity, all of which proved dry. In 1920 Greever transferred his interest in such lease to Piper for a consideration which was less than $5. Thereafter Greever paid no further rentals thereunder.

In November, 1919, Greever acquired an interest in a lease upon a thirty-acre tract in Tillman County, Texas, for $3,214.83. This lease was for a period of three years, provided annual rentals were paid. Only one year's rental was paid thereunder. Leasing and drilling were very active in this section in the early part of 1920. During that year several wells were drilled in the vicinity of this lease, all

dry. In November, 1920, Greever transferred his interest in this lease to one Terrill for $1. Thereafter Greever paid no rentals thereunder.

## OPINION.

PHILLIPS: The testimony discloses that for several years Greever was engaged with others in speculating in wildcat oil territory. In some cases wells were drilled by them but in most instances leases were acquired and held pending the outcome of drilling by others. If this proved unsuccessful the lease would be deemed worthless and no further rentals would be paid thereafter. We are uninformed whether any of these ventures were successful; it is only with those which proved worthless that we have to do here.

The respondent points out that the interests of the petitioners in four of these leases were conveyed to a brother-in-law of Greever and in the fifth to a secretary of one of his associates; also that the consideration paid by them was nominal. On the other hand, Greever testified that these conveyances were made after a conference with a revenue agent who informed him that, since some of the leases had not then expired by their terms, there might be some doubt whether a deductible loss had been sustained while petitioners remained the owners; wherefore, they made these sales in order that there might be no question that they had divested themselves of any interest in these leases.

The uncontradicted evidence shows that in 1920, by drilling in their vicinity, the leases had been demonstrated to be worthless for all practical purposes. While they might be said to have had a highly speculative value, this was no more than nominal and not sufficient in the opinion of Greever to justify him in paying further rentals. While the transfer of property to a relative or business associate for the purpose of establishing a loss may demand a close scrutiny of the circumstances to determine whether such transfer is *bona fide* or merely colorable, there can be no doubt that when such a sale and transfer is made in good faith, so that the vendor parts with all interest in the property, a transaction takes place which gives rise to a taxable profit or deductible loss. Upon the record made we conclude that the petitioners parted with all their interest in these leases in 1920, and are entitled to the deduction claimed.

*Decision will be entered for the petitioners on 20 days' notice, under Rule 50.*